**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN GARDNER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 20-214 |
| ) | District Judge Donetta W. Ambrose/ |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| SUPREME COURT OF PENNSYLVANIA, ) | |
| COURT OF COMMON PLEAS OF BUTLER ) | |
| COUNTY, and PA DEPT. OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Steven Gardner ("Petitioner"), a state prisoner at the time of initiating this proceeding, has filed what he titled an Application for Writ of Mandamus Motion to Compel a New Trial (the "Application") seeking to have this Court order a new criminal trial for Petitioner.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 8, filed on March 24, 2020, recommended that pursuant to this Court's inherent power to control its own dockets that the Application be dismissed pre-service. Petitioner was informed that he could file Objections to the Report by April 10, 2020. After being granted an extension of time to file his Objections until May 25, 2020, ECF No. 11, Petitioner has now filed his Objections. ECF No. 20.

None of the Objections merits extended discussion or rejection of the Report and Recommendation.

The Report noted that federal courts have no jurisdiction to issue writs of mandamus to state government actors. Petitioner concedes in the Objections that this is correct. ECF No. 20 at 4 – 5.

The Report noted that to the extent Petitioner sought to have a new trial ordered, the relief sought was only available by means of a Section 2254 habeas petition. The Report further noted that if the Application were treated as a Section 2254 Petition, it would be dismissible because it would be second or successive. In his Objections, Petitioner contends that the Application should be treated as his first Section 2254 or as an extension of an unspecified earlier Section 2254 petition. The Report is clearly correct that the Application, treated as a Section 2254 Petition, would be second or successive. Petitioner requests that, if the Court finds this to be a second or successive Section 2254 Petition, to stay the Petition while he seeks leave from the United States Court of Appeals for the Third Circuit to file such second or successive Petition. ECF No. 20, ¶ 14. The Court declines the invitation. As noted in the Report, this is not even Petitioner's second habeas petition but is at least his third or fourth such Petition. Petitioner is free to seek leave from the United States Court of Appeals to file a second or successive Section 2254 Petition and until and unless he does, we do not possess jurisdiction over the Application, treated as a Section 2254 Petition. If and when he seeks leave from the Circuit and if and when such leave is granted, then he can file another Section 2254 Petition.

The Report also noted that to the extent the Application could be treated as a civil rights action, it should be dismissed based upon the Heck and/or the Rooker-Feldman doctrines. In his Objections, Petitioner seeks to have the Application treated as a civil rights action and seeks permission to amend the Application. The Court declines Petitioner's request to permit him to amend the Application because we find that the deficiencies noted in the Report could not be cured by amendment, and the only possibility of an amendment that would not run afoul of the Heck and Rooker-Feldman doctrines would be a wholesale new complaint, having nothing to do

with the Pennsylvania Supreme Court's decision to deny him the relief of a new trial which is the gravamen of the Application.  And this is confirmed by Petitioner's assertions of what might be contained in a proposed amended civil rights complaint.  ECF No. 20, ¶ 17.  Randolph-Ali v. Steelton Police Dept., 1:16-CV-1625, 2018 WL 1464045, at *6 (M.D. Pa. Feb. 14, 2018) ("Indeed, when a pro se litigant attempts to convert this limited leave of court to amend a defective complaint into a wholesale license to file new and different matters, it has been held that these new, different and previously unrelated claims should often be dismissed."), *report and recommendation adopted*, 2018 WL 1453195 (M.D. Pa. Mar. 23, 2018).  Petitioner is always free to file a new civil rights action at a new civil number.

Accordingly,   IT IS HEREBY ORDERED this 3rd day of June 2020, after *de novo* review of the record and the Report and Recommendation, the Application is dismissed pre-service pursuant to the Court's inherent power to control its own dockets.  To the extent one is required, a certificate of appealability is likewise denied as jurists of reason would not find this disposition to be debatable.   The Report and Recommendation is adopted as the opinion of the Court.

BY THE COURT:

Date:  June 3, 2020

*Donetta F. Ambrose*

DONETTA W. AMBROSE
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Maureen P. Kelly
      United States Magistrate Judge

      STEVEN GARDNER
      SCI Mercer
      Veterans Services Unit
      801 Butler Pike
      Mercer, PA 16137

3